UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAURA BRESKO, ET AL.<br><br>    Plaintiffs,<br><br>v.<br><br>THOMAS CRITCHLEY, ET AL.<br><br>    Defendants | Civil Action No. 2:11-6907-CCC-JAD<br><br>**ORDER** |

  This matter comes before the Court by way of the motion for default judgment filed by Plaintiffs Laura and Joan Bresko. (Docket Entry No. 12). This matter is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. The Court has reviewed Plaintiffs' motion and finds that:

1. On December 29, 2011, Plaintiffs requested that the Clerk of the Court enter default as to all Defendants, namely Thomas Critchley, Catherine Enright, Renate Bresko, "Jersey Battered Women's Services," Christian Van Pelt, Esq., "Malpractice Insurance Carrier for Christian Van Pelt, Esq." and Jessica Fox. (Docket Entry No. 11).

2. In response to Plaintiffs' request for entry of default, Defendants Thomas Critchley, Catherine Enright, Christian Van Pelt, Esq., and Jessica Fox each moved for an extension of time to file an Answer. On May 22, 2012, the Hon. Joseph A. Dickson, U.S.M.J. granted the motions and extended the time for those defendants to answer Plaintiffs' Complaint. (Docket Entry No. 22). In so doing, Judge Dickson expressly noted that "default has not been entered against any defendant."

3. On that basis, in his May 22nd Order, Judge Dickson also denied as moot the motion of Defendants Critchley and Enright to set aside default. In light of Judge Dickson's Order extending the time to answer for Defendants Fox and Van Pelt, Plaintiff's request for entry of default against them is likewise moot. Accordingly, to be clear, Plaintiffs' request for entry of default against Defendants Critchley, Enright, Van Pelt and Fox, all of whom have been granted an extension of time to respond, is moot.

4. Three remaining defendants - Renate Bresko, "Jersey Battered Women's Services," and "Malpractice Insurance Carrier for Christian Van Pelt, Esq." - did not move for an extension of time to respond and were not addressed by Judge Dickson's Order. However, as noted by Judge Dickson, default has not been entered against them.

5. Default is a two-step process governed by Federal Rule of Civil Procedure 55. A plaintiff seeking default against a defendant who has failed to plead or otherwise defend must first seek entry of default under Rule 55(a). After default has been entered, a plaintiff may then move for default judgment against that defendant pursuant to Rule 55(b). An application for entry of default judgment pursuant to Rule 55(b) must contain evidence, by way of affidavits and documents, demonstrating: (1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent; (4) that the defendant has been validly served with all pleadings; (5) the amount of judgment and how it was calculated; (6) and an affidavit of non-military service in compliance with the Soldiers and Sailors' Relief Act. Ciasulli v. Hartmann, No. 08-5544 JLL, 2009 WL 150668, at *1 (D.N.J. Jan. 21, 2009) (citing GE Healthcare Fin. Servs. v. New Brunswick X–Ray Group, PA, No 05-833, 2007 WL 38851, at *3 (D.N.J. Jan. 4, 2007)).

6. Here, default has not been entered against any defendant, including the three defendants who have not moved for an extension of time to answer. To the extent Plaintiffs seek to move for default judgment against those three defendants, they shall first seek entry of default. Plaintiffs are reminded that default will only be entered against defendants who have been properly served, yet have failed to appear. Thus, prior to requesting entry of default against Renate Bresko, "Jersey Battered Women's Services," and the "Malpractice Insurance Carrier for Christian Van Pelt, Esq," Plaintiffs must file with the Court a valid proof of service as to those defendants, demonstrating that they have been properly served.

Accordingly, for the reasons set forth above, **IT IS** on this **10th** day of **July, 2012**

**ORDERED** that Plaintiffs' motion for default judgment is hereby DENIED. To the extent Plaintiffs wish to pursue default against Defendants Renate Bresko, "Jersey Battered Women's Services," and the "Malpractice Insurance Carrier for Christian Van Pelt, Esq," prior to moving for default judgment, Plaintiff shall file a valid proof of service with the Court, followed by a request for entry of default.

**IT IS SO ORDERED.**

_____
CLAIRE C. CECCHI, U.S.D.J.