NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LAURA BRESKO and JOAN BRESKO, | Civil Action No. 11-6907 (CCC) |
| Plaintiffs, | |
| v. | |
| THOMAS CRITCHLEY et al., | |
| Defendants. | **MEMORANDUM OPINION** |

This matter comes before the Court upon: (a) Plaintiffs' motion ("Motion"), Docket Entry No. 33, seeking vacatur of this Court's prior determinations, see Docket Entries Nos. 28 and 29; (b) Defendants' opposition ("Opposition") to the Motion, see Docket Entry No. 35; and (c) Plaintiffs' Reply, see Docket Entry No. 37, and it appearing that:

1. This matter has an extensive procedural and adjudicatory history; it is also related to a number of other actions in this District. See Docket Entry No. 28. A detailed discussion of these related actions was provided by the Court in its prior decision; it has also been summarized in Defendants' Opposition. See id.; see also Docket Entry No. 35. Since the Court is writing for the parties, another recital of the facts and procedural history appears superfluous, while an unfamiliar reader is referred to the

Court's prior decision, Docket Entry No. 28, for a detailed account of all relevant events and findings. Therefore, it shall suffice to state that the instant matter was commenced in the Northern District of Florida by two Florida residents, a non-custodial, non-cohabitating, non-_in_-_loco_-_parentis_ paternal grandmother of two certain minors proceeding jointly with her daughter, the minor's non-custodial, non-cohabitating, non-_in_-_loco_-_parentis_ paternal aunt. See _id._ The custodians of these minors (that is, the minors' natural mother and father) have been and still are in the midst of two proceedings taking place in the New Jersey state courts. See _id._ One proceeding is a divorce action instituted by the minors' father, who is seeking to end his twelve-year marriage to the minors' mother ("Matrimonial Action"), while the other action is a domestic violence matter instituted by the minors' mother ("Domestic Violence Action") who took protection at various battered women's shelters and now resides at a certain undisclosed location, having the minors with her. See _id._ Plaintiffs, while not being parties to those suits, attempted to actively litigate these two state matters by filing multiple submissions in support of the minors' father, their son and brother. See _id._ Therefore, the state judge presiding over these actions – acting as a _parent_ _patriae_ – barred

Plaintiffs from further filings and from having contact with the minors until she holds a hearing and determines whether such contact was advisable. See id. In the other action, the presiding judge also issued an order barring the minors' father (who appears to be in contact with the minors) from disclosing the minors' whereabouts to any third party. See id.

2. Plaintiffs' pleading at bar named, as Defendants, the judges presiding over these two state actions, a DYFS employee assigned to handle the minors' case, the New Jersey Battered Women Services (which assisted the minors' mother), the attorney representing the minors' mother and even the malpractice insurance carrier for that attorney, etc. See Docket Entry No. 1. Relying mostly on the factual predicate ensuing from the events that took place in the life of the minors' father, the pleading alleged violations of Plaintiffs' First, Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments, violations of the New Jersey Constitution, conspiracy and RICO by the state judges, false arrest and imprisonment, wire fraud, state tort claims of intentional and negligent emotional distress, slander, libel, malicious prosecution, and even "wrongful enforcement of the law and theft of services," etc. See id. Defendants moved for dismissal and summary judgment asserting absolute

judicial immunity, the <u>Younger</u> abstention doctrine, the bars posed by the <u>Rooker</u>-<u>Feldman</u> doctrine and lack of federal jurisdiction in domestic relations cases, facial inapplicability of RICO, qualified immunity of non-judicial Defendants, procedural deficiencies and the lack of factual predicate in support of Plaintiffs' state claims, etc. <u>See</u> Docket Entries Nos. 15 and 20. This Court acknowledged the strong merit of Defendants' position but did not rule on Defendants' motions, finding them premature. Rather, the Court addressed numerous threshold deficiencies of Plaintiffs' position, such as lack of standing, lack of connection between Plaintiffs' factual predicate and the claims they asserted and substantive insufficiency of those few claims that appeared to be raised with proper standing and discernable factual predicate. <u>See</u> Docket Entry No. 28. Upon such review, the Court dismissed with prejudice Plaintiffs' pleading. <u>See</u> <u>id.</u> However, the Court stated:

> Plaintiffs panoply of challenges, consisting of claims wholly meritless or raised without standing, or asserted in a purely self-serving conclusory fashion without any factual predicate, . . . strongly suggests that Plaintiffs instituted this action not with <u>bona</u> <u>fide</u> intent to litigate meritorious claims but in the hope to assist [the minors' father] by pestering and obstructing the efforts of the state judiciary and state agencies which are providing assistance to the state courts, [the minors and their mother]. However, out of an abundance of caution, the Court finds dismissal of Plaintiffs' Complaint with prejudice unwarranted . . . . [G]ranting Plaintiffs the

4

> benefit of the doubt, [the Court] will allow them
> an opportunity to show cause as to why their
> challenges shall not be dismissed as facially
> frivolous and presented to this Court in abuse of
> judicial process. . . . Plaintiffs [are]
> directed to submit a written statement listing,
> clearly and concisely, each claim Plaintiffs wish
> to allege [provided that such claim was not
> already dismissed with prejudice] and follow each
> such claim with a statement of facts (not
> exceeding one single-sided, double-spaced page)
> detailing what particular action each particular
> [D]efendant undertook and how exactly Plaintiffs
> themselves were injured by these particular
> actions. The Court stresses that bold,
> self-serving conclusory statements cannot be used
> by Plaintiffs in substitute of factual
> allegations.

Id. at 23-25 (citations and footnotes omitted).

3. Plaintiffs did not comply with the Court's order. Rather, they submitted the 60-page Motion at bar. See Docket Entry No. 33. The Motion: (a) asserts that this Court violated Plaintiffs rights by noting the shortcomings of Plaintiffs' pleading; and (b) maintains that Plaintiffs' rights were "usurped by both State and Federal Courts" because Plaintiffs are displeased with the rulings rendered by the state judges and this Court. Id. However, Plaintiff's disagreement with the outcome of this matter does not supply Plaintiffs with standing to pursue claims on behalf of the minors' father, nor does it strip the state judges from absolute immunity, as it does not dissolve the Younger and Rooker- Feldman bars, does not create a factual predicate to

support any RICO, wire fraud, slander, libel, etc. claims.[1] Moreover, to the extent Plaintiffs' Motion could be construed as asserting that the state courts violated their procedural due process rights by barring Plaintiffs from contact with the minors during the pendency of a hearing as to the advisability of such contact, this claim is without merit. Since Plaintiffs are the non-custodial, non-cohabitating, non-*in-loco-parentis* grandmother and aunt, they lack a constitutionally protected liberty interest in associating with the grandchildren, niece and nephew. See Docket Entry No. 28. Since Plaintiffs have no protected association right to begin with, their procedural due process rights could not have been violated by the state court's order temporarily suspending the association process while the hearing to that effect is pending in the state forum. See Troxel v. Granville, 530 U.S. 57 (2000);[2] cf.

---

[1] The bulk of the Motion is dedicated to allegations that, conceivably, could be raised by the *minors' father*. For example, it includes assertions that: (1) the minors' mother must have been "stalking" the minors' father, (2) the minors used their mother's mobile phone in order to call Plaintiffs with requests to take the minors out of the battered women's shelters where they were taking refuge, (3) the minors had been "starving," and (4) the judge presiding over the Matrimonial Action must be deemed biased because his wife investigated an employer of the minors' mother sometime in the past, etc. See Docket Entry No. 33-2. However, none of these allegations provides *Plaintiffs* with a valid basis to proceed in this action.

[2] In Troxel, grandparents petitioned a Washington Superior Court for the right to visit their grandchildren. Respondent

6

Collins v. Sisto, 2009 U.S. Dist. LEXIS 81318, at *15 (E.D. Cal. Sept. 8, 2009) ("[Where] plaintiff has no right . . . to begin with, plaintiff cannot claim that defendants . . . deprived him of a liberty interest.").

4. Since Plaintiffs' Motion failed to comply with the Court's prior order to show cause as to why Plaintiffs' claims should not be dismissed in their entirety, Plaintiffs' complaint will be dismissed without prejudice. To the extent Plaintiffs seek to pursue the matter, they shall comply with the Court's Order dated July 26, 2012 [Docket Entry No. 29] within fourteen days of the date of this Order. An appropriate Order accompanies this Memorandum Opinion.

**Claire C. Cecchi, U.S.D.J.**

Dated: May 30, 2013

---

mother opposed the petition. The Superior Court found that the mother, being the custodial parent, had a fundamental right to make decisions concerning the care, custody, and control of her children, including denial of visitation by grandparents. The Washington Supreme Court reversed, relying on a state statute. The United States Supreme Court reinstated the Superior Court ruling, finding the state statute unconstitutional. The United States Supreme Court: (a) clarified that a directive allowing the grandparents visitation was an unconstitutional infringement on the mother's fundamental rights; and (b) stressed that the Due Process Clause of the United States Constitution did not permit a state to infringe on the fundamental right of the custodial parent to make child rearing decisions.